SAMUEL SPURR & others *vs.* SAMUEL O. SCOVILLE.

A bill in equity, for the specific performance of a written contract for the conveyance of land in this commonwealth, was inserted in an original writ of attachment, on which the plaintiff caused all the defendant's real estate in Berkshire to be attached: The defendant was not and never had been an inhabitant of this commonwealth, and, at the time the writ was sued out, and his land attached thereon, was not, nor was any service made on him, personally, within the state, or within the jurisdiction of the court: But, by an order of the court, a copy of the writ, with the bill therein, and of the order, was given to the defendant in the state of Connecticut, where he had been and then was an inhabitant: On demurrer to the bill, it was dismissed for want of jurisdiction.

IN this case, which was argued in writing by *C. N. Emerson*, for the defendant, and by *I. Sumner*, for the plaintiffs, the facts are stated in the opinion of the court, which was delivered at the September term, 1850.

FLETCHER, J. This is a bill in equity, inserted in an original writ of attachment, to enforce the specific performance of a written contract for the conveyance of real estate in Mount Washington, in this county. The defendant's real estate in Berkshire was attached on the writ; and, by an order of this court, a copy of the writ, with the bill therein, and of the order of court, was given to the defendant in the state of Connecticut, where he was and still is an inhabitant. The defendant never was an inhabitant of this commonwealth, and, at the time the writ was sued out, and his land attached

thereon, he was not within, and no service has been made on him personally within, this commonwealth, or within the jurisdiction of this court.

The defendant, by his counsel, has put in a demurrer to the bill, for the reasons, that he is not within the jurisdiction of this court, and that no process has been served on him, within the jurisdiction of this court, to appear and answer in this suit. The simple question raised in the case is, whether the court can proceed in this suit against the defendant; he not being at the commencement of the suit, or now, within the jurisdiction of this court, but being then and now an inhabitant of and within the state of Connecticut.

This is strictly a proceeding *in personam.* There is but one person who is the party defendant, and he is not a passive party, but must be eminently active in the performance of any decree which may be made against him. The whole object of the bill is to compel the defendant to execute a conveyance of land, as is alleged, according to his contract. " A suit may affect the rights of persons out of the jurisdiction of the court, and consequently not compellable to appear in it. If they cannot be prevailed upon to make defence to the bill, yet, if there are other parties, the court will, in some cases, proceed against those other parties; and if the absent parties are merely passive objects of the judgment of the court, or their rights are incidental to those of parties before the court, a complete determination may be obtained; but if the absent parties are to be active in the performance of a decree, or if they have rights wholly distinct from those of the other parties, the court cannot proceed to a determination against them." Mitford's Chanc. Pl. (6th Am. ed.) 34 and notes, and 398 and notes ; Story's Eq. Pl. § 81.

It would seem, by the authorities, to be a general rule, that where an absent party is to be active in the performance of the decree, the court cannot proceed to a decision against him, although there are other parties in the suit before the court

In the particular class of cases in which courts of equity are called upon to decree a specific performance of contracts respecting lands, it seems well established, by the elementary writers, and the decisions, both English and American, that the party against whom a decree is sought must be within the jurisdiction of the court. This doctrine is maintained in Story's Equity Jurisprudence. 2 Story's Eq Jur. § 743.

In the case of *Meux* v. *Maltby*, 2 Swanston, 277, 284, the master of the rolls refused to decree the specific performance of a contract to execute a lease, because some of the parties were out of the jurisdiction of the court, though some of them were before the court; saying in reference to those who were absent, "Not having them before the court, there is difficulty in making them act. The plaintiff requires spe cific performance of the agreement; and it would hardly be sufficient, supposing it proper, for a few to execute a lease on behalf of the rest."

In the case of *Fell* v. *Brown*, 2 Brown's Ch. 276, the chancellor said, "I admit the distinction has been taken, as to proceeding in the absence of parties abroad, between their being active or passive parties, but the difficulty is, whether I can call the heir of the mortgagor a passive party."

In *Jackson* v. *Petrie*, 10 Ves. 104, the lord chancellor said, "There is no doubt of the jurisdiction upon contracts, as to lands in the West Indies, if the persons are here." See also the cases of *Lord Cranstown* v. *Johnston*, 3 Ves. 170; *Lowry* v. *Fulton*, 9 Simons, 104; *Weatherby* v. *St. Giorgio*, 2 Hare, 624. In the case referred to by plaintiffs' counsel, in this case, 1 Hopkins, 213, *Ward* v. *Arredonda*, the general doctrine of the necessity of having the party before the court, in a bill for a specific performance, was fully recognized, though the decision turned upon the peculiar circumstances of the case. The necessity of having the party, who is to be an active party, within the jurisdiction of the court, is further shown and illustrated by the cases of *Mead* v. *Merritt*, 2 Paige. 402, and *Mitchell* v. *Bunch*, 2 Paige, 606.

But, irrespective of authority, it is quite manifest from the nature and circumstances of this case, that it is wholly impracticable for the court to take jurisdiction and proceed to any effectual decree. There is, in truth, no party defendant before the court. The party named in the bill, as defendant, is not and has not been before the court, or within the jurisdiction of the court; and all proceedings against him under these circumstances must be nugatory. The court, in fact, has no rightful jurisdiction to proceed against a person not before them, and who is not and has not been within their jurisdiction, and who is not obliged and who refuses to submit himself to their jurisdiction.

The attachment of the defendant's land can avail nothing in this case. If this were a suit at law, the attachment might be followed up by a judgment and execution, and the land taken in satisfaction. But, in such case, the property only would be made subject to the jurisdiction, so as to render the judgment binding as a proceeding *in rem*, but it would not be allowed to operate *in personam* in the courts of other states.

But this suit is a proceeding *in personam* merely, in which a decree is sought against the person and not against the property, and it is wholly immaterial, whether the land which was the subject of the complaint be or be not within the jurisdiction of the court. It is sufficient, if the parties to be affected and bound by the decree are within the jurisdiction. An inability to enforce the decree *in rem* would constitute no objection to the right to entertain the suit. If, however, the defendant were within the jurisdiction, and should refuse to perform a decree against him, if the lands also were within the jurisdiction, in addition to proceedings *in personam*, the court might perhaps put the plaintiff in possession of the land. 2 Story's Equity, § 744.

But, in this case, there being no party defendant before the court, the court is unable to proceed to any decree. The counsel for the plaintiff, in his argument, placed much reliance

49*

upon the rule of this court, for the regulation of the parties in chancery. That rule provides for giving notice to absent parties, and is of great importance in practice, though not applicable to the present case. The rule applies to persons named as parties who are out of the jurisdiction of the court, and not amenable to its process, but who are interested in the suit, and provides for giving notice to them, in order that they may come in and take care of their interests, if they think proper. But, if such persons do not, upon notice, come in, the bill as to them is taken for confessed; and if there are other parties before the court, or the subject matter is within its jurisdiction, so that the cause can be decided on its merits, and an effectual decree made, the court will proceed, and the rights and interests of the parties thus notified will be bound and concluded by the decree. This rule obviates many difficulties, which would otherwise occur in practice, from the general rule in chancery, that all persons materially interested in the subject or object of the suit must be brought in as parties. But the rule by no means enables the court to proceed, in a case like this, where there is no party defendant before the court, and where the absent defendant is an essentially active party, and where a decree against him would be wholly nugatory.

The argument for the plaintiff, that the defendant has put himself within the jurisdiction of the court, by putting in a demurrer, by his counsel, cannot prevail.

This is a proceeding strictly *in personam*, and the party must be, not technically or constructively, but actually and really, before the court, and within its jurisdiction. An appearance by attorney to object to the jurisdiction cannot give jurisdiction in a case like this.

The cases referred to by the plaintiffs' counsel, on this point, are all of them essentially different from this case. But the plaintiff is not entirely without remedy. If the defendant should come temporarily within this commonwealth, so that process and a writ of *ne exeat* could be served on him, he

Spurr & others *v.* Scoville.

might be held to answer, and to perform such decree as should be rendered against him, in a suit for a specific performance of his contract; or damages in a suit at law might be recovered for a breach of his contract, and satisfied out of the lands in question; or a bill for a specific performance might be maintained in the state of Connecticut, where the defendant lives.                    *Bill dismissed.*